## CANTON, ABERDEEN & NASHVILLE RAILROAD Co. *v.* McCoy & CLARK.

**Railroads — Suit for Damages — Presumptive Negligence — Instructions.**

In a suit against a Railroad Company for damages for the alleged killing of a horse, where the testimony is sufficient to warrant a conclusion that the horse was killed by defendant's train; and there is no explanation of the manner of the killing, the presumption of negligence on the part of the employees of defendant prevails, and an instruction on behalf of plaintiff that:

"If the jury believe from the evidence that defendant's train killed the horse of plaintiffs (on account of which this suit is brought) at or near the corporation line of the town of Kosciusko, and that the train which killed said horse was running at a speed of more than six miles an hour when it reached said corporation line, and that said horse would not have been killed but for the recklessness and negligence of the employees and agents of the Railroad Company, then the law is for plaintiffs, and the jury should find for plaintiffs a sum equal to the proved value of the horse so killed" is not reversible error.[1]

In such case it is immaterial at what rate of speed the train was running, and where the horse was killed.

Appellees, R. G. McCoy and J. A. Clark, composing the firm of McCoy & Clark brought suit in the court of a justice of the peace

---

[1]

In the absence of eye-witnesses, marks of an animal on the track and the position of its remains may make satisfactory proof that it was killed by the running of the train, which under the statute is *prima facie* evidence of negligence on the part of the company. Railroad Co. *v.* Packwood, 59 Miss. 280.

Code of 1880, § 1059; Code of 1892, § 1808. In an action for stock killed by a running train, proof of the injury and the value of the animals makes out a *prima facie* case of negligence under § 1059, Code of 1880, and § 1808, Code of 1892, and it is then incumbent on the company to relieve itself of liability by showing circumstances of excuse. Railroad Co. *v.* Doggett, 67 Miss. 250.

To escape liability, the company must show the circumstances of the injury and that it is exonerated. It cannot rely on presumptions or conjectures. Railroad Co. *v.* Hamilton, 62 Miss. 503.

The burden of showing due care is not met by proof of care in one respect only, as that a whistle was sounded at the time of the injury. Railroad Co. *v.* Dale, 61 Miss. 206.

Where injury to an animal caused by its running cars is shown, a presumption arises of negligence on the part of defendant, and the court should

in district number one of Attala county against the Canton, Aberdeen and Nashville Railroad Company for the sum of one hundred and fifty dollars ($150), for the value of a horse alleged to have been killed by one of defendant's trains one night during the latter part of October or first of November, 1884.

Plaintiffs obtained judgment in the justice's court for the full amount sued for and costs; whereupon defendant appealed to the Circuit Court, when plaintiff obtained verdict and judgment for the sum sued for, together with 10 per centum damages and costs of suit.

There was testimony on behalf of plaintiffs that a train or engine of defendant railroad company was run through or about the corporate limits of the town of Kosciusko on the night the horse was alleged to have been killed, at a greater rate of speed than six miles per hour.

The horse was found dead early next morning near the right of way of defendant railroad with marks and bruises on the carcass.

Tracks were found on the roadbed and identified by one of plaintiffs as being those of the horse killed.

There was very little testimony on the part of defendant. The engineer testified that he did not kill the horse and did not see him on the track.

On appeal to the Supreme Court the principal error complained

---

not instruct the jury that notwithstanding this presumption if the facts of the injury appear, they cannot find for plaintiff unless these show such negligence. Under the statute the necessity for exculpation from negligence in such case is on the defendant. Railway Co. v. Smith, 67 Miss. 15.

If the plaintiff relies solely on the statutory presumption of negligence in the running of cars, and defendant shows that its servants did everything possible to prevent the killing, it is proper to instruct for defendant. Bedford v. Railroad Co., 65 Miss. 385.

Under § 1808, Code of 1892, an instruction to the effect that if the mule was killed by the running of the defendant's cars the defendant must show the facts exculpating it by the preponderance of evidence is correct. Southern R. R. Co. v. Hayes, 78 Miss. 319.

Presumption should yield to facts where they are sufficiently shown; but it is not error in such a case to instruct a jury that the law presumes wrong, prima facie from the fact of injury by the running of cars, etc. Vicksburg R. R. Co. v. Phillips, 64 Miss. 693; New Orleans R. R. Co. v. Bourgeois, 66 Miss. 3.

The sections apply to stock trespassing, though in a stock law district. Robards v. Mobile & O. R. R. Co., 74 Miss. 334.

of by appellant was an instruction given by the trial judge on behalf of plaintiffs, as follows:

"If the jury believe from the evidence that defendant's train killed the horse of plaintiffs (on account of which this suit is brought) at or near the corporation line of the town of Kosciusko, and that the train which killed said horse was running at a speed of more than six miles an hour when it reached said corporation line, and that said horse would not have been killed but for the recklessness and negligence of the employees and agents of the railroad company, then the law is for the plaintiffs and the jury should find for plaintiffs a sum equal to the proved value of the horse so killed."

APPEALED from the Circuit Court, Attala county, C. H. CAMPBELL, Judge.

Affirmed, November 2, 1885.

*Attorneys for appellants, Anderson & Davis, and W. P. & J. B. Harris.*

*Attorney for appellees, H. C. Niles.*

No briefs found in the record.

OPINION.— ARNOLD, J., delivered the opinion of the court:

Appellees sued appellant to recover the value of a horse alleged to have been killed by one of its trains. There was testimony to show that the horse was killed by the train, at or near the corporation line of the town of Kosciusko, and there was no explanation of the manner of the killing. There was some testimony in regard to a train or engine of appellant being run through or about the corporate limits of the town on the night the horse was killed, at a greater rate of speed than six miles an hour, and the court instructed the jury among other things, to the effect that if appellant's train killed the horse at or near the corporate line of the town of Kosciusko, and the train was running at a greater rate of speed than six miles an hour, when it reached the corporation line, and that the horse would not have been killed but for the recklessness and negligence of the employees of appellant, they should find for appellee.

The giving of this instruction is the principal error complained of. Our conclusion is, that as the testimony was sufficient to warrant the conclusion that the horse was killed by the train, and as there was no explanation of the manner of the killing, the presumption of negligence on the part of the employees of appellant prevailed, and it was immaterial at what rate of speed the train was running, and where the horse was killed.

*Affirmed.*